

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*  (415) 436-7200
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*  *FAX: (415) 436-7234*

August 11, 2020

MEMORANDUM

The Honorable Joseph C. Spero
Chief United States Magistrate Judge

      Re:    *United States v. Andrea Seja*,
               No. CR 18-000173 JCS

You Honor:

      The government respectfully requests that the Court sentence Ms. Seja to five months in custody with no supervision to follow. Such a sentence will reflect the seriousness of Ms. Seja's repeated misconduct while on probation, will promote respect for the law, and will help to protect the community, Ms. Seja, and Ms. Seja's son.

      Ms. Seja's conduct on probation was abysmal. As detailed by Officer Triolo in her violation memorandum and in prior court proceedings, Ms. Seja has continued to use drugs without any remorse for doing so (but with plenty of excuses), was terminated from inpatient drug treatment, and often did not communicate with her probation officer. The government echoes Officer Triolo's assessment that Ms. Seja "has remained resistant to treatment" and has "demonstrated that she is not amenable to the rehabilitative interventions that the probation office has to offer." As such, the government agrees that the Court should not impose a supervised release term in this case.

      Given Ms. Seja's drug use, her disregard for the Court's orders, her disregard for her own well-being, and the significant danger that she poses to herself and her son, the government believes that the custodial sentence in this case should serve three main purposes. First, it should vindicate the Section 3553(a) factors by, among other things, reflecting the seriousness of Ms. Seja's misconduct and promoting respect for the law. Second, it should seek to stabilize Ms. Seja by forcing her to stay sober for an extended amount of time. Third, it should give Ms. Seja a significant period for contemplation and self-reflection. The government believes that a five-month sentence is sufficient, but not greater than necessary, to achieve those goals. A shorter sentence may not give Ms. Seja the best chance for success once she leaves custody. The

government hopes that, with the benefit of a clear mind and a long period to reflect about the choices that she has made, Ms. Seja will finally decide to make serious and lasting changes in her life.

        Respectfully submitted,

        DAVID L. ANDERSON
        United States Attorney

        /s/ *Christopher Vieira*
        CHRISTOPHER VIEIRA
        Special Assistant United States Attorney